68

Strafford,
No. 4982.

MILDRED ALLISON & a.

*v.*

MONTGOMERY WARD & COMPANY.

Argued February 6, 1962.

Decided March 6, 1962.

*Fisher, Parsons & Moran* (*Mr. Harold D. Moran* orally), for the plaintiffs.

*Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

LAMPRON, J.  Plaintiffs' first contention is that the issues of negligence submitted to the jury were improperly restricted by the Court's instructions.

Plaintiff, Mildred, was injured while ascending a stairway from the main floor of defendant's store to the mezzanine.  She testified that as she got to the top, she put her left foot on the mezzanine,

and as she was bringing her right foot up something held it right across the instep and she fell flat on her face. She arose and "looked to see what had grabbed hold of my foot, and I saw this wire hanging loose underneath the step." She told defendant's manager that she "had fallen over the wire hanging beneath the step." She further testified that she did not see the wire before her fall and did not know what its condition was at that time.

There was evidence that this wire was part of a loud-speaking system installed in the store about a year previous to the accident. There was testimony that it had been securely fastened with staples to the riser of the top step and was protected by the nosing which extended one and one half inches out over the riser. Witnesses testified that they inspected the stairway after plaintiff's fall and found the wire to be still firmly attached under the nosing all the way across the stair.

The Trial Court charged the jury that plaintiffs' claim was that Mrs. Allison's injury was caused by a loose wire which made her trip. The Court instructed the jury that if they found this to be true they were to consider whether the evidence established that condition to have existed long enough for the defendant in the exercise of reasonable care to have discovered and repaired it.

After retiring to deliberate, the jury sent the following question to the Court. "What would be law in regards of a wire being across a stairway in a public store?" The Court sent the following reply. "There is no particular law. The question is whether or not the wire had become loosened and created a dangerous condition and that the defendant was negligent in not correcting the situation provided it knew about it or could have found out in time in the exercise of reasonable prudence."

Plaintiffs argue that these instructions precluded the jury from considering the question of the reasonableness of the act of the defendant in placing the wire on the stairway and the reasonableness of the manner in which the stairway was maintained.

The evidence is uncontradicted that this wire was securely fastened with staples to the riser under the nosing of the top step of the stairway with the nosing extending one and one-half inches from the riser. There was no testimony that such an installation constituted an unreasonable risk and the jury was not competent to so find merely from their own observation and experience. *Jutras* v. *Satters,* 96 N. H. 300, 302; *Paine* v. *Hampton Beach &c. Co.,* 98 N. H. 359, 363. Nor was there any evidence that the wire

70

so installed caused the plaintiff to fall. The Trial Court properly limited its instructions to dangers resulting from this wire having become loose and its charge and supplemental instruction to the jury correctly stated the applicable law. *Jakel* v. *Brockelman,* 91 N. H. 453; *Partin* v. *A & P Tea Co.,* 102 N. H. 62, 64.

The remaining contention made by plaintiff in her brief relates to an issue not transferred and therefore is not considered.

*Judgment for the defendant.*

All concurred.